UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH CURTIS,

                Plaintiff,                Case No. 17-cv-13775

v.                                        Honorable Thomas L. Ludington
                                              Magistrate Judge Patricia T. Morris

ST. CLAIR, COUNTY OF, et al

                Defendants.

_____/

**ORDER VACATING AND STRIKING PRIOR ORDER AND JUDGMENT,
OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION,
AND DISMISSING COMPLAINT**

On November 21, 2017, Plaintiff Joseph Curtis filed suit against the County of St. Clair and numerous employees of the St. Clair County Jail, including certain mental health care providers associated with the jail. ECF No. 1. Amended complaints were properly filed on December 14, 2017, and February 22, 2018. ECF No. 32. All pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 7. Between April 23, 2018, and May 4, 2018, Curtis filed five motions seeking discovery from Defendants. ECF Nos. 41, 42, 43, 44, 52.

On June 13, 2018, Judge Morris issued a report recommending that the second amended complaint be *sua sponte* dismissed and the motions denied as moot because Curtis's underlying claims are frivolous. By July 12, 2018, no objections to the report and recommendation have been received by chambers or filed on the docket. Because the fourteen day period for objections had passed (and after allowing time for delayed mail to be received), the Court adopted the report and recommendation and dismissed the second amended complaint. ECF No. 60. On July 17, 2018, the Clerk's Office uploaded a number of documents which had been received on July 10, 2018,

including several objections to the report and recommendation. ECF Nos. 64, 65, 66, 67, 68, 69, 70, 71, 72, 73.

The documents in question were post-marked July 2, 2018, which would have been the deadline for objections (relying upon the three-day grace period created by Federal Rule of Civil Procedure 6(d)). Pursuant to the prison mailbox rule, the objections are timely and will be considered on their merits. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

**I.**

In his five objections, Curtis takes issue with Judge Morris's reasoning regarding the legal implications of his factual allegations. For the most part, he does not object to her summary of his factual allegations. Accordingly, Judge Morris's factual summary will be adopted in full. To briefly summarize, Curtis's suit advances Eighth Amendment and First Amendment claims pursuant to 18 U.S.C. § 1983. Judge Morris explains:

> In June 2017, Plaintiff attempted to hang himself in his cell, but his roommate at the time interrupted the attempt and "untied the homemade rope." (Doc. 32 at PageID.108). Plaintiff asked his roommate "not to say anything . . . about the at[t]empt because he di[d]n't want to be placed on [suicide] watch," and his roommate agreed. (*Id.* at PageID.109). In September 2017, Plaintiff again tried to hang himself, and his roommate—a different person than in June—halted the attempt. (*Id.*). Plaintiff also asked this roommate not to speak of the event. (*Id.*). Although "the courts" had referred Plaintiff to "the center for forensics for evaluation" in July 2017, CMH "still did not start treatment . . . [until] around October." (*Id.*). Between May 2017 and October 2017, Plaintiff alleges he sent sixteen emails to CMH detailing his suicidal and homicidal thoughts and requesting mental-health treatment, but that they were "all closed by the f[a]cility staff and never answered or reviewed by Bill Slucher or his staff [i.e., Hill, Zalog, LaBeau, Adams, Maze, and Airington] as they all state closed by f[a]cility staff." (Doc. 32 at PageID.108). In addition, Plaintiff submitted three "diff[e]rent request[s] for grievance[]" forms to voice his consternation, but "none of these request[s] w[]ere me[]t with a grievance form," and as a result, Plaintiff suggests Defendants Hill, Zalog, LaBeau, Adams, Maze, and Airington "acted with deliberate indifference to a serious medical need." (Doc. 32 at PageID.109).
>
> "Upon information and belief," Plaintiff avers that pre-trial detainees received "only 2 to 3 grievance" forms in the year 2017. (*Id.*). This policy, Plaintiff argues,

> continues to inhibit his (and other pre-trial detainees') ability to settle issues within the facility or "seek[] further litigation" under state or federal law. (Doc. 32 at PageID.109-110). Additionally, Defendants Donnellon, Buckley, and the County of St. Clair employ a policy that limits "indigent inmate[s]" to sending out "2.49¢ legal postage[s] a week mak[]ing it imposs[i]ble for" him and other inmates "to make time sensitive deadlines for the courts." (Doc. 32 at PageID.110). In his view, "[i]f the inst[i]tution subjects you to treatment or conditions that are an atypical and significant hardship in relation to ordinary incidents of prison life, th[e]y must provide you with some level of process." (*Id.*). Moreover, "[t]his restricti[ve] policy" as to postage "stops Plaintiff and other[] inmates from freely accessing the courts at will and is unconst[i]tutional." (*Id.*).

Rep. & Rec. at 2–3, ECF No. 56.

Curtis attaches several exhibits to his objections which he believes demonstrate that "the defendants knew of Plaintiff's mental health issues prior to the refusal to treat the Plaintiff." Objs. at 2. Specifically, he attaches the sixteen "kites" (described by Judge Morris as emails) he sent to jail medical personnel requesting mental health treatment. *See* Attachments to Objs.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

In her report and recommendation, Judge Morris recommended that both of Curtis's claims be dismissed. She first considered his Eighth Amendment claim of deliberate indifference to serious medical conditions. As to the individual Defendants, Judge Morris concluded that Curtis had never alleged that they personally learned of his alleged serious medical need, and so never "knew of and disregard[ed] an excessive risk to inmate health or safety." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (internal citations omitted). That requirement, the subjective element of a deliberate indifference claim, was not met, necessitating dismissal as to the individual Defendants. Judge Morris also noted that Curtis's claims against employers and governmental entities cannot proceed absent an allegation that they "promulgated a policy or custom" which was unconstitutional. Rep. & Rec. at 7. Plaintiff did not allege any such custom here, and so the

deliberate indifference claims against the business and governmental entities were recommended for dismissal.

Finally, Judge Morris considered Curtis's First Amendment claim that he was denied access to the courts. She held that, to the extent Curtis challenges the Jail's alleged policy of limiting inmates to $2.49 of legal postage a week, Curtis has not stated a First Amendment denial of access to the courts claim because he never specified what underlying (and non-frivolous) claim he was prevented from asserting. As to Curtis's assertion that the Defendants have unconstitutionally limited his access to file grievances, Judge Morris cited numerous cases which have held that a grievance appeal does not implicate First Amendment rights.

Now, Curtis has filed five objections. For the following reasons, they will be overruled.

**A.**

In his first three objections, Curtis takes issue with Judge Morris's analysis of his deliberate indifference claims against the individual Defendants. In his first objection, he argues that Defendants' "failure to act adequately and treat the Plaintiff for his mental health issues" constitutes deliberate indifference. Objs. at 1. In his second objection, Curtis argues that the attached exhibits "shows that the defendants knew of Plaintiff's mental health issues prior to the refusal to treat the Plaintiff." *Id.* In particular, he relies upon the "16 kites [he] sent requesting mental Health treatment." *Id.* at 2. In his third objection, Curtis argues that the individual Defendants never responded to his requests for grievance forms.

These arguments are materially identical to those Judge Morris rejected. She considered Curtis's allegation that he had submitted 16 kites and several requests for grievance forms, but emphasized that he had never actually alleged that any of the named Defendants actually reviewed the kites or requests for grievance forms. Curtis attaches the kites to his objections, and a review

of those documents suggests that no named Defendants ever reviewed them. Each kite received an administrative response from either Renee Hubbard or Alexis Hadwin, neither of which is a Defendant.

Curtis does not attach the requests for grievance forms, and so the Court is limited to relying on the allegations in his complaint. He alleges that he has sent "three (3) different request for grievance []" forms related to the alleged disregard of his medical kites, but never received a grievance form. Am. Compl. at 3. He explains that the grievance center is staffed by five sergeants, whom he has named as Defendants. But all related allegations are entirely conclusory. Curtis does not allege that any specific Defendant actually received and reviewed a given grievance form. Likewise, he does not allege that the grievance form contained sufficient information to apprise the sergeant that a serious medical need was being ignored. Judge Morris properly rejected these allegations as "irreparably conclusory," Rep. & Rec. at 6–7, and Curtis's present complaint merely reiterate the allegations in his complaint. These generalized allegations fall short of undermining Judge Morris's reasoning. Curtis's first three objections will be overruled.

**B.**

In his fourth objection, Curtis argues that the Defendant's repeated refusal to answer kites and give inmates grievance forms reflects an unconstitutional policy against the same.

"A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess*, 735 F.3d at 478 (citing *Monell*, 436 U.S. at 694).

> A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Id.*

The mere denial of medical care does not demonstrate an unconstitutional policy, especially because Curtis does not allege that any of the named Defendants ever reviewed his kites. There is no allegation that the County or Corizon have promulgated an official, formal policy of ignoring mental health needs. Curtis does not specifically allege a failure to train the named Defendants because he does not allege that those Defendants ever received notice of his mental health needs. At best, Curtis's objection might be construed as alleging a custom of tolerance violat of federal rights. But Curtis never alleges that a specific Defendant ignored a particular kite or denied a request for a grievance form. He does identify (and attach) a number of kites which were denied, but no named Defendant reviewed those kites. And Curtis does not allege that any supervisors or other decisionmakers within the Jail or Community Mental Health ever learned that Curtis's kites had been denied.

As to Curtis's allegations regarding the grievance form denials, they are conclusory for the reasons identified above. Curtis simply alleges that he submitted three requests for grievance forms, and none were granted. He never identifies the substance of what was contained in those requests, nor the individual who denied the request. These barebones allegations regarding the denials of a mere three requests for grievance fall short of suggesting that the jail has an unconstitutional policy of denying requests for grievances. Indeed, because there is no constitutional right to an effective prison grievance procedure, see Rep. & Rec. at 11, even nonconclusory allegations of a policy of summarily denying requests for grievance forms would likely be insufficient to state a *Monell* claim. Curtis's fourth objection will be overruled.

**C.**

In his fifth objection, Curtis argues that Judge Morris erred when she denied his First Amendment claim regarding access to the courts. He reiterates his argument that the Jail's practice of limiting inmates to two 49 cent stamps per week has violated his First Amendment right to access the courts.

Judge Morris noted that "[t]he elements of a viable access-to-courts claim in the Sixth Circuit" include "a non-frivolous underlying claim." Rep. & Rec. at 9 (quoting *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013). She recommended dismissal of his First Amendment claim because "Plaintiff does not, however, specify what underlying claim was interfered with, or the prejudice suffered as a result." *Id.* at 10. In his objections, Curtis argues that "the underlying Claim is adequate access to the courts." Objs. at 4. But that argument misses the point. As Judge Morris explained, Curtis bears the burden of identifying some non-frivolous claim separate from his access to courts claim which the alleged obstructive practice prevented him from pursuing. Here, Curtis has not identified any underlying non-frivolous claim in either his complaint or his objections. The fifth objection will be overruled.

**IV.**

Accordingly, it is **ORDERED** that the Court's July 12, 2018, Order, ECF No. 60, and the Judgment, ECF No. 63, are **VACATED** and **STRICKEN** because Plaintiff Curtis filed timely objections.

It is further **ORDERED** that Plaintiff Curtis's objections, ECF No. 64, are **OVERRULED.**

It is further **ORDERED** that Judge Morris's report and recommendation, ECF No. 56, is **ADOPTED.**

It is further **ORDERED** that Plaintiff Curtis's motions for discovery, ECF Nos. 41, 42, 43, 44, 52, are **DENIED as moot.**

It is further **ORDERED** that Plaintiff Curtis's second amended complaint, ECF No. 32, is **DISMISSED.**

Dated: August 7, 2018									s/Thomas L. Ludington
											THOMAS L. LUDINGTON
											United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 7, 2018.

				s/Kelly Winslow
				KELLY WINSLOW, Case Manager